1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**

9             **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  PAUL RICHARD FLACCO,                )    Civil No. 09cv114 MMA (NLS)
                                        )
12           Petitioner,               )    **REPORT AND RECOMMENDATION**
    v.                                  )    **FOR ORDER DENYING PETITION**
13                                      )    **FOR ORDER DENYING PETITION**
    MATTHEW CATE, Secretary of the      )    **FOR WRIT OF HABEAS CORPUS**
    California Department of Corrections and  )
14  Rehabilitation,                     )
                                        )
15           Respondent.                )
    _____ )
16

17       Paul Richard Flacco (Flacco or Petitioner), a California prisoner proceeding pro se, filed a

18  Petition for Writ of Habeas Corpus (Petition) under 28 U.S.C. § 2254.  Petitioner contests his

19  confinement on these bases: (1) he did not voluntarily waive his right to a jury trial; (2) there is

20  insufficient evidence to support the great bodily injury enhancement; and (3) his *Miranda* rights were

21  not honored.  Respondent filed an answer, arguing that the court should deny the Petition.  Petitioner

22  filed a traverse.  This court has reviewed the Petition, answer, traverse, lodgment and the complete

23  record in this case.  After a thorough review, the court **RECOMMENDS** that the Petition be **DENIED**

24  in its entirety.

25                           <u>**PROCEDURAL HISTORY**</u>

26       On November 7, 2006, Flacco was charged with making a criminal threat, assault with a deadly

27  weapon and inflicting great bodily injury, and battery while using a knife.  Lodgment 1, pp.1-3, 85.  On

28  January 7, 2007, Flacco waived his right to a jury trial.  Lodgment 2, pp.1-4.  Following trial, the court

found Flacco guilty of assault and battery and not guilty of making a criminal threat.  Lodgment 1, pp.80-82.  The court asked that a psychiatric report be prepared for the sentencing hearing.  Lodgment 1, pp.22-23, 83.  On March 16, 2007, the court sentenced Flacco to three years probation.  Lodgment 1, pp.29-32, 50-53, 85.  The judge also ordered him to attend therapy and counseling sessions and to take prescribed psychotropic medications.  Lodgment 1, p.52.  Flacco did not appeal the conviction or sentence.

In May 2007, Flacco admitted that he violated his probation.  Lodgment 2, pp.250-251.  The court reinstated probation and placed him in a residential sobriety house for additional treatment.  Lodgment 1, pp.41-46, 89.  Flacco was eventually terminated from the program at the sobriety house and re-arrested for probation violations due to abuse of medications.  Lodgment 1, pp.47-49, 90.  On November 8, 2007, the court sentenced Flacco to state prison for six years for assault with infliction of great bodily injury, and stayed the sentence for battery.  Lodgment 1, pp.64-65, 97.

Flacco appealed from his admission of a probation violation, but his court-appointed attorney could not find any arguable issues for appeal.  Lodgment 5.  The court of appeal then invited Flacco to file his own brief.  Lodgment 6.  Flacco filed a brief with three issues, including claim two from this Petition that asserts there was insufficient evidence to support a finding of great bodily injury, and claim five that the trial transcript was altered.  Lodgment 7, pp.2-4.  While these issues may have been more appropriate on an appeal from his conviction, the court of appeal addressed the issues and rejected them on the merits.  Lodgment 8, pp.3-5.

On September 29, 2008 Flacco filed a petition for review of his direct appeal.  Lodgment 11.  In that Petition he included claim two from this Petition for insufficient evidence of great bodily injury.  Next, on approximately October 20, 2008,[1] Flacco filed a habeas petition with the San Diego Superior Court.  Lodgment 12.  That court denied that petition on November 3, 2008.  Lodgment 14.

On October 29, 2008, Flacco filed a habeas petition with the California Supreme Court.  Lodgment 13.  He included in that petition two of the claims from this Petition, including claim one for the involuntary waiver of a trial before a jury, and claim four for the failure to honor his *Miranda* rights.  *Id.*  On November 12, 2008, the California Supreme Court denied Flacco's petition for review.

_____

[1] The date on the file stamp is unclear.

1   Lodgment 15.  That court summarily denied the habeas petition on April 22, 2009.  Lodgment 16.

2       Meanwhile, Flacco filed this Petition in the Central District of California on October 22, 2008.

3   [Doc. No. 1.]  He included these four claims in the Petition: (1) involuntary waiver of his right to a jury

4   trial; (2) insufficient evidence to support the great bodily injury enhancement; (3) ineffective assistance

5   of counsel; and (4) a *Miranda* violation.  On November 25, 2008, the court granted Flacco's motion to

6   amend the Petition to add a fifth claim for error in the trial transcript. [Doc. No. 6.]

7       On January 20, 2009 the Petition was transferred to this court. [Doc. No. 8.] The court issued a

8   notice to Petitioner regarding his possible failure to exhaust certain claims. [Doc. No. 11.] Flacco

9   notified the court in writing that he wanted to abandon his unexhausted claims. [Doc. No. 13.] Based on

10  that letter, the court deems Flacco to have abandoned claim three for ineffective assistance of counsel

11  and claim five for error in the trial transcript, because those issues were never raised on direct appeal or

12  in a habeas petition to the California Supreme Court.[2]

13                          **FACTUAL BACKGROUND**[3]

14      On May 4, 2006, Flacco's roommate, Mark Lujan, asked him to be quiet.  In response, Flacco

15  started mumbling, jumping, and said he was going to kill Lujan.  He stabbed Lujan several times.  Lujan

16  felt, but did not see, the knife.  Another roommate, Russ Browne, was awakened by Lujan's cries for

17  help and went downstairs where he saw Flacco stabbing Lujan.  Browne took the knife from Flacco and

18  pinned him to the floor until the police arrived.  The police found knives on the living room floor.

19                              *Defense*

20      Flacco testified that about an hour and a half before the incident, Lujan had complained about

21  Flacco being too noisy and threatened to call the landlord.  Lujan followed Flacco downstairs and

22  accused Flacco of talking about him and other residents.  Flacco became anxious because he had

---

23

24      [2] Respondent never addresses claim five in his brief.  Consequently, it appears to the court that
    Respondent never reviewed Flacco's amended petition.  The court admonishes Respondent's attorney to
    address all claims for relief in future representation in habeas petitions.

25

26      [3] This court quotes verbatim the factual background of the court of appeal's opinion.  Lodgment 8,
    p.2.  *See* 28 U.S.C. § 2254(e)(1) ("a determination of a factual issue made by a State court shall be presumed
27  to be correct"); *Sumner v. Mata*, 449 U.S. 539, 545-547 (1981) (deference is owed to factual findings of
    state trial and appellate courts); *Moses v. Payne*, 555 F.3d 742, 746 n.1 (9th Cir. 2009) (facts drawn from
    the state appellate court's decision are presumed correct and can only be rebutted by clear and convincing
28  evidence);  *Garvin v. Farmon*, 258 F.3d 951, 952 (9th Cir 2001) (paraphrasing facts from the state court
    opinion).

1  recently been attacked by roommates at another place.  He grabbed Lujan by the wrist and then pinned

2  him to the floor, asking him to "give this up."  Lujan refused.  When two other residents attacked

3  Flacco, Flacco ran into the kitchen, grabbed some "Ginsu" knives and returned to the living room.  He,

4  however, had a change of heart, stuck the knives in the carpet and went outside.  He denied stabbing

5  Lujan.

6                                            LEGAL STANDARD

7  **AEDPA Governs this Petition.**

8          The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this Petition.  *See*

9  *Lindh v. Murphy*, 521 U.S. 320, 336-337 (1997).  Under AEDPA, a federal court will not grant habeas

10 relief with respect to any claim adjudicated on the merits in state court unless the decision was (1)

11 contrary to or involved an unreasonable application of clearly established federal law; or (2) based on an

12 unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d); *Early v.*

13 *Packer*, 537 U.S. 3, 7-8 (2002).  "Clearly established federal law," for purposes of § 2254(d), means

14 "the governing principle or principles set forth by the Supreme Court at the time the state court renders

15 its decision."  *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).

16 **Decisions That Contradict or Unreasonably Apply Federal Law.**

17         A federal habeas court may grant relief where the state court (1) decides a case "contrary to"

18 federal law by applying a rule different from the governing law set forth in Supreme Court cases; or (2)

19 decides a case differently than the Supreme Court on a set of materially indistinguishable facts.  *Bell v.*

20 *Cone*, 535 U.S. 685, 694 (2002).  A federal court may also grant habeas relief where a state court

21 decision is an "unreasonable application" of federal law, such as where the state court correctly

22 identifies the governing legal principle from Supreme Court decisions but unreasonably applies those

23 decisions to the facts at issue.  *Id.*

24         The state court decision must be more than incorrect or erroneous; to warrant habeas relief the

25 state court's application of "clearly established federal law" must be "objectively unreasonable."

26 *Lockyer*, 538 U.S. at 75.  "Objectively unreasonable" differs from "clear error" in that a federal court

27 cannot grant habeas relief only because it believes that the state court erroneously or incorrectly applied

28 "clearly established federal law;" the application must be objectively unreasonable.  *Id.* at 75-76

                                                    4

1  (internal citation omitted).

2

3  **Decisions Based on an Unreasonable Determination of the Facts.**

4       Section 2254(e)(1) provides:  "A determination of a factual issue made by a State court shall be

5  presumed to be correct."  28 U.S.C. § 2254(e)(1).  The petitioner has "the burden of rebutting the

6  presumption of correctness by clear and convincing evidence."  *Id.*

7  **Review of the State Court Decision.**

8       If the state supreme court silently denies a petitioner's appeal with a summary dismissal, the

9  reviewing federal habeas court must look through to the last reasoned state court opinion in making a

10 decision.  *See Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004).  Where no reasoned state court

11 decision addresses a petitioner's claim, the reviewing federal court must conduct "an independent

12 review of the record" to determine whether the state court's decision is objectively unreasonable.  *Himes*

13 *v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003).

14                                          DISCUSSION

15       The court of appeal decision for Flacco's direct appeal is the last-reasoned state court decision

16 that addresses Flacco's claim regarding the sufficiency of the evidence to support the great bodily injury

17 enhancement.  Therefore, the court will review that order to determine whether the decision on that issue

18 was objectively unreasonable.  Regarding the jury trial waiver and *Miranda* issues, Flacco did not

19 present those issues until he filed a habeas petition with the California Supreme Court.  Because the

20 state supreme court summarily denied the petition, and no state court decision addresses the merits of

21 those claims, the court will conduct an independent review of the record to determine whether the

22 California Supreme Court's summary denial of those claims was objectively unreasonable.

23       **A.       Claim One: Involuntary Waiver of Right to Jury Trial.**

24       Flacco argues that he involuntarily waived his right to a jury trial because when he agreed to a

25 bench trial he was under the influence of medications that were forcibly injected into him.  Pet'n p.5, ¶

26 7(a); Lodgment 13, p.3; Traverse, pp.4-5.  Respondent argues the California Supreme Court reasonably

27 and properly rejected this claim on habeas.

28       A waiver of trial rights must be voluntary and intelligent, and entered into with a sufficient

1    awareness of the relevant circumstances and likely consequences resulting from a waiver of certain

2    fundamental rights. *Brady v. United States*, 397 U.S. 742, 748 (1970); *Bradshaw v. Stumpf*, 545 U.S.

3    175, 183 (2005). In assessing the voluntariness of a waiver of trial rights, "[s]olemn declarations in

4    open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Chizen*

5    *v. Hunter*, 809 F.2d 560, 562 (9th Cir. 1986). The court may reject a petitioner's post-conviction self-

6    serving statements that his waiver was not voluntary. *Perez v. Rosario*, 459 F.3d 943, 947 n.2 (9th Cir.

7    2006).

8              Here, the trial judge found that Flacco, guided by the advice of his attorney, knowingly and

9    intelligently waived his right to a jury trial. Lodgment 1, p.5; Lodgment 2, pp.1-2. The trial judge noted

10   that on the day of trial, Flacco appeared lucid and responded appropriately to the court's questions.

11   Lodgment 2, pp.3-4. He also noted that the court had no reason to doubt Flacco's competency, and that

12   Flacco appeared to understand everything going on at court. Lodgment 2, p.4. Flacco testified at length

13   on his own behalf on that first day of trial. Lodgment 2, pp.45-58.

14             Flacco's solemn declaration in open court that he voluntarily and knowingly waived his right to

15   a jury trial carries a strong presumption of veracity. Now, his post-trial, post-conviction, post-

16   sentencing and post-appeal self-serving statements, on their own, are not sufficient to overcome that

17   presumption of veracity. Further, the trial judge made a clear record showing that Flacco was lucid,

18   competent and counseled by his lawyer when he voluntarily and knowingly waived his right to a jury

19   trial. Finally, Flacco did not raise the jury trial waiver issue on direct appeal. *See* Lodgments 5, 7.

20             Based on the trial record demonstrating that Flacco was lucid, competent, and acted under the

21   guidance of counsel, along with the lack of evidence to corroborate Flacco's self-serving statement that

22   he did not voluntarily waive his right to a jury trial, this court finds that the trial court's determination

23   that Flacco knowingly and voluntarily waived his right to a jury trial is not objectively unreasonable.

24   Accordingly, this court **RECOMMENDS** that the district court **DENY** Flacco's habeas petition as to

25   claim one.

26         **B.      Claim Two: Insufficient Evidence to Support Great Bodily Injury Enhancement.**

27             Flacco claims a due process violation based on insufficient evidence to support the great bodily

28   injury enhancement that resulted in three years of his six year sentence. He argues that the victim's

1    wounds did not result in great bodily injury because they were "nicks and scratches" that did not require

2    stitches or treatment.  Pet'n, p.5 ¶ 7(b); Lodgment 8, p.3.  Flacco asserts that Lujan stayed in the hospital

3    not for stab wounds, but for heart problems.  Traverse, p.6.  Respondent argues that the court of appeal

4    reasonably and properly found that the trial court could have resolved the credibility issues against

5    Flacco.

6            "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a

7    reasonable doubt of every fact necessary to constitute the crime with which he is charged."  *In re*

8    *Winship*, 397 U.S. 358, 364 (1970).  When evaluating a sufficiency of evidence claim and whether due

9    process rights have been violated, the court must determine whether *any* rational trier of fact could have

10   found proof of guilt beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see*

11   *Mikes v. Borg*, 947 F.2d 353, 356 n.5 (9th Cir. 1991).  In making this determination, habeas courts must

12   respect the trier of fact to determine the credibility of witnesses, resolve evidentiary conflicts, and draw

13   reasonable inferences from proven facts by assuming the trier of fact resolved all conflicts in a manner

14   that supports the verdict.  *Id.* at 319.  Once a state court fact finder has found a defendant guilty, federal

15   habeas courts must consider the evidence "in the light most favorable to the prosecution."  *Id*.

16           Under AEDPA, federal habeas courts "apply the standards of *Jackson* with an additional layer of

17   deference."  *Juan H. v. Allen*, 408 F.3d 1262, 1275 (9th Cir. 2005).  When reviewing the state appellate

18   court's findings, even if the state court does not cite the relevant federal case law, "such a citation is not

19   required 'so long as neither the reasoning nor the result of the state-court decision contradicts Supreme

20   Court precedent."  *Id*. at n.12 (quoting *Early v. Packer*, 537 U.S. 3, 8 (2002)).  Here, while the state

21   appellate court did not cite *Jackson or Winship*, it relied on *People v. Guerra*, which follows *Jackson*.

22   *See* 37 Cal.4th 1067, 1129-33 (2006), overruled in part on other grounds, *People v. Rundle*, 43 Cal. 4th

23   76 (2008).  This court now determines whether the state appellate court opinion "reflected an

24   'unreasonable application' of *Jackson* and *Winship* to the facts of this case."  *Juan H.*, 408 F.3d at 1275.

25   To do so, this court must ensure that the state court took "more than a perfunctory look at the

26   relationship between the evidence presented and the verdict."  *Mitchell v. Prunty*, 107 F.3d 1337, 1340

27   n.3 (9th Cir. 1997).

28           At trial, both Lujan and Browne testified that Flacco stabbed Lujan.  Lodgment 2, pp.4-33.

7

1  Lujan also testified that he suffered from nine stab wounds.  While none of the stab wounds required

2  stitches, Lujan did suffer a wound on his upper left chest that warranted a hospital stay because Lujan's

3  doctor was concerned that the wound might affect his heart.  In addition, the wounds continued to cause

4  Lujan  physical and psychological pain.  Further, a police officer testified about four knives found on the

5  living room floor.  Lodgment 2, pp.33-37.  He testified that the knives, including a steak knife, were

6  sharp and could easily puncture or cut through human flesh.

7      To find great bodily injury the trier of fact must find "significant or substantial physical injury."

8  Cal. Pen. Code § 12022.7(f).  The trial judge found that "based on the evidence presented in this court

9  trial, the court does find . . . that the 12022.7(A) . . . allegation [is] true and [has] been proven."

10  Lodgment 2, p.63.  The court of appeal found that the trial court was entitled to believe Lujan's and

11  Browne's testimony about the stabbing and to reject Flacco's testimony as not credible.  Lodgment 8,

12  pp.4-5.  It also found the trial court was entitled to rely on the testimony of the police officer regarding

13  the sharpness of the knives.  The appellate court found that the sum of this evidence was substantial

14  enough to support the trial court's determination that Flacco stabbed Lujan numerous times and that

15  consequently, Lujan suffered great bodily injury.

16      After a review of the state court record, this court finds that the trial judge and the state appellate

17  court could have relied on the cited facts and circumstantial facts to find the great bodily injury

18  enhancement.  The trial court was entitled to believe the two witnesses who testified that Flacco stabbed

19  Lujan and on the police officer's testimony regarding the sharpness of the knives, as opposed to solely

20  relying on Flacco's testimony that he did not stab Lujan.  The record shows that Lujan suffered from

21  nine stab wounds that cut his skin and caused blood to flow, and that he was hospitalized overnight as a

22  result of at least one of the wounds.  Reliance on these facts does not appear to be "objectively

23  unreasonable" or speculative because these facts, taken in the light most favorable to the prosecution,

24  support the finding of a great bodily injury.  Therefore, the state court decision did not contradict or

25  unreasonably apply clearly established federal law and did not rely on an unreasonable determination of

26  the facts.  Accordingly, this court **RECOMMENDS** that Flacco's claim for a due process violation

27  based on insufficient evidence to support the great bodily injury enhancement be **DENIED**.

28  / / /

1  ///

2  ///

3        **C.      Claim Four:  Involuntary Waiver of *Miranda* Rights.**[4]

4        Flacco argues his constitutional rights were violated because he was not given his *Miranda*[5]

5  warnings when he was arrested, and that he wanted to consult a lawyer but was not given the

6  opportunity.  Pet'n p.6, ¶ 7(d); Lodgment 13, p.3; Traverse, pp.6-7.[6]  Respondent argues that even if

7  Flacco was not provided his *Miranda* rights, such error was harmless, and that Flacco's right to counsel

8  was protected.

9        *Miranda* bars the prosecution from using statements stemming from custodial interrogation

10  unless the defendant was first warned of his constitutional rights.  *Miranda v. Arizona*, 384 U.S. 436,

11  444 (1966); *Stansbury v. California*, 511 U.S. 318, 322 (1994) (per curiam).  The *Miranda* safeguards

12  apply when law enforcement officials initiate questioning after a person has been taken into custody or

13  otherwise deprived of his or her freedom of action in any significant way.  *Miranda*, 384 U.S. at 444;

14  *Stansbury*, 511 U.S. at 322.  A court need not bar use of "un-*Mirandized*" statements if they constitute

15  harmless errror.  *U.S. v. Henley*, 984 F.2d 1040, 1044 (9th Cir. 1993).  To be considered harmless, the

16  court must determine whether the "un-*Mirandized*" statements contributed to the conviction, and be able

17  to declare that the error was harmless beyond a reasonable doubt.  *Arizona v. Fulminante*, 499 U.S. 279,

18  295-296 (1991).

19        The court has conducted an independent review of the record.  Regarding counsel, Flacco was

20  represented by an attorney at every stage of his trial proceedings.  *See, e.g.,* Lodgment 1, pp.68-97.

21  Other than Flacco's post-sentencing self-serving statements, nothing in the record indicates that Flacco

22

23        [4] As explained in the Procedural History, Claims Three and Five are unexhausted, so the court will not address them.

24        [5] In *Miranda*, the Supreme Court held that an individual taken into custody "must be warned prior

25  to any questioning, that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney

26  one will be appointed for him prior to any questioning if he so desires."  *Miranda v. Arizona*, 384 U.S. 436, 479 (1966).

27        [6] In his Petition, Flacco asserts with this claim that the "police broke my hand and put me in a

28  psychiatric security cell and threatened to euthanize me if I talked."  Pet'n, p.6, ¶ 7(d).  The court will not address those aspects of the claim because those aspects are not exhausted as they were not presented to the California Supreme Court.  *See* Lodgment 13, p.3.

1   was denied access to counsel.  Regarding the *Miranda* warning, the Probation Report noted that once in

2   custody, Flacco "declined to make a statement upon admonishment."  Lodgment 1, p.8.  This implies

3   that Flacco was given his *Miranda* warnings and that he invoked his *Miranda* rights.  Further, even if

4   the court assumes that Flacco did not receive his *Miranda* warnings, such error was harmless because

5   nothing in the record indicates that the prosecutor attempted to use incriminating statements by Flacco

6   in the prosecution.  And, nothing in Flacco's Petition or traverse indicate that any self-incriminating

7   statements contributed to his conviction.  Accordingly, this court **RECOMMENDS** that the district

8   court **DENY** Flacco's habeas petition as to claim four.

9

10                                              CONCLUSION

11          Flacco has failed to show that the state courts' determinations were contrary to or an

12   unreasonable application of clearly established federal law, or that they were based on an unreasonable

13   determination of the facts.  Therefore, this court **RECOMMENDS** that the Petition be **DENIED** in its

14   entirety.

15          This report and recommendation is submitted to the United States District Judge assigned to this

16   case pursuant to 28 U.S.C. § 636(b)(1).  **IT IS ORDERED** that no later than ***January 27, 2010***, any

17   party to this action may file written objections with the Court and serve a copy on all parties.  The

18   document should be captioned "Objections to Report and Recommendation."

19          **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and

20   served on all parties no later than ***February 10, 2010***.  The parties are advised that failure to file

21   objections within the specified time may waive the right to raise those objections on appeal of the

22   Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d

23   1153, 1156 (9th Cir. 1991).

24   DATED:  January 5, 2010

25

26                                                    Hon. Nita L. Stormes
                                                     U.S. Magistrate Judge
27                                                    United States District Court

28

                                                     10                               09cv114 MMA (NLS)